**SHAPIRO & CROLAND**
Alexander G. Benisatto, Esq.
Continental Plaza II
411 Hackensack Avenue
Hackensack, NJ 07601
Tel.: (201) 488-3900
Fax.: (201) 488-9481
Co-Counsel for Petitioner, Tysons Financial, LLC

U. S. BANKRUPTCY COURT
FILED
NEWARK, NJ

08 MAY 22 PM 3: 25

JAMES J. WALDRON

BY: _____
DEPUTY CLERK

and

**LINOWES AND BLOCHER LLP**
James A. Vidmar, Esq.
Gabrielle M. Duvall, Esq.
*Admission Pro Hac Vice Pending*
7200 Wisconsin Avenue, Suite 800
Bethesda, MD 20814
Tel: (301) 961-5126
Fax: (301) 654-2801
Co-Counsel for Petitioner, Tysons Financial, LLC

| | |
|---|---|
| TYSONS FINANCIAL, LLC, | : UNITED STATES BANKRUPTCY COURT |
| | : DISTRICT OF NEW JERSEY |
| Petitioner, | : |
| | : |
| v. | : Misc Pro. No.: |
| | : 08-104/MS |
| RD LEGAL FUNDING, LLC and | : |
| RONI DERSOVITZ, | : |
| | : |
| Respondents. | : |

**NOTICE OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES
TECUM ISSUED TO RD LEGAL FUNDING, LLC AND RONI DERSOVITZ**

**TO:    ALL COUNSEL LISTED ON THE ANNEXED CERTIFICATE OF SERVICE**

**PLEASE TAKE NOTICE** that on _____, 2008, at __:00 __.m., or soon

thereafter as counsel may be heard, Tysons Financial, LLC, by and through its co-counsel,

Shapiro & Croland, shall apply to the Court at the United States Bankruptcy Court, District of

New Jersey, 50 Walnut Street, 3rd Floor, Newark, New Jersey 07102, for entry of an Order,

pursuant to Federal Rule of Civil Procedure 37, compelling RD Legal Funding, LLC ("RDLF")

to respond to discovery requests and Roni Dersovitz, manager of RDLF, to appear for a

deposition in accordance with the subpoena served on RDLF (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the undersigned shall rely upon the

accompanying Motion, with exhibits attached thereto, which is filed simultaneously herewith.  A

proposed form of order is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that any responsive pleadings must be filed with

the Clerk of the United States Bankruptcy Court with copies served simultaneously upon Shapiro

& Croland, 411 Hackensack Avenue, Hackensack, New Jersey 07601, Attn: Alexander G.

Benisatto, Esq., at least seven (7) days prior to the return date of the Motion in accordance with

D.N.J. LBR 9013-1.  In the event no opposition or responsive papers are filed in accordance

therewith, said Motion shall be deemed uncontested on the return date and the relief sought may

be granted at the Court's discretion.

**PLEASE TAKE FURTHER NOTICE** that Debtor requests oral argument in the event

timely opposition is filed.

SHAPIRO & CROLAND
Attorneys for Petitioner

By:  _____
Alexander G. Benisatto

Dated: May 22, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May 2008, a copy of the foregoing Notice

of Motion to Compel Compliance With Subpoena Duces Tecum Issued to RD Legal Funding,

LLC, together with the Motion and proposed form of Order were forwarded via Federal Express,

to:

      Geraldine Ponto, Esq.
      Gibbons P.C.
      One Gateway Center
      Newark, NJ 07102
      Attorneys for Respondents

A copy of same was forwarded via First Class Mail, postage pre-paid, as follows:

      James Greenan, Esq.
      Craig Palik, Esq.
      McNamee Hosea
      6411 Ivy Lane
      Suite 200
      Greenbelt, MD 20770

      Roger Schlossberg, Esq.
      134 W. Washington Street
      P.O. Box 4227
      Hagerstown, MD 21741

      David I. Gold, Esq.
      Office of the U.S. Trustee
      6305 Ivy Lane
      Suite 600
      Greenbelt, MD 20770

                    Alexander G. Benisatto

Dated: May 22, 2008

**SHAPIRO & CROLAND**
Alexander G. Benisatto, Esq.
Continental Plaza II
411 Hackensack Avenue
Hackensack, NJ  07601
Tel.: (201) 488-3900
Fax.: (201) 488-9481
Co-Counsel for Petitioner, Tysons Financial, LLC

       and

**LINOWES AND BLOCHER LLP**
James A. Vidmar, Esq.
Gabrielle M. Duvall, Esq.
*Admission Pro Hac Vice Pending*
7200 Wisconsin Avenue, Suite 800
Bethesda, MD 20814
Tel: (301) 961-5126
Fax: (301) 654-2801
Co-Counsel for Petitioner, Tysons Financial, LLC

| | |
|---|---|
| TYSONS FINANCIAL, LLC, | : UNITED STATES BANKRUPTCY COURT |
| | : DISTRICT OF NEW JERSEY |
| Petitioner, | : |
| | : |
| v. | : Misc. Pro. No.: |
| | : |
| RD LEGAL FUNDING, LLC and | : |
| RONI DERSOVITZ, | : |
| | : |
| Respondents. | : |

### MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM ISSUED TO RD LEGAL FUNDING, LLC AND RONI DERSOVITZ

Tysons Financial, LLC ("Tysons"), by undersigned counsel, hereby moves (the "Motion"), pursuant to Rule 37 of the Federal Rules of Civil Procedure ("FRCP"), for the entry of an order compelling RD Legal Funding, LLC ("RDLF") to respond to discovery requests and Roni Dersovitz, manager of RDLF, to appear for a deposition.  In support of its Motion, Tysons respectfully states as follows:

## PRELIMINARY STATEMENT

George Nelson Smith and his wife are debtors in a chapter 7 no-asset case pending in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"). Mr. Smith personally guaranteed a loan by RDLF to the Smith Law Firm, P.C., which is 100% owned by Mr. Smith and listed as an asset of the bankruptcy estate. Tysons, a creditor of the Smiths, sought a Rule 2004 examination of RDLF to examine the Debtors' assets, as well as issues related to the Debtors' discharge. Tysons sought and obtained an order from the Maryland Bankruptcy Court directing the 2004 examination of RDLF (the "2004 Order").

Since issuance of Tysons' original subpoena to RDLF and Roni Dersovitz in March, 2008, RDLF has obstructed and delayed enforcement of the 2004 Order and subpoena at every turn, all of which were designed to frustrate Tysons' efforts and cause undue delay. RDLF agreed, through counsel, to comply with Tysons' subpoena, issued out of Maryland. Ten days after issuance of such subpoena, RDLF first advised it would not comply. Such objection was untimely at best and certainly highlighted the disingenuous nature of RDLF's prior communications.

Nevertheless, to avoid undue discovery disputes, Tysons obtained local counsel and re-issued a subpoena to RDLF and Mr. Dersovitz through the United States District Court of New Jersey. The day before the documents were due under the second subpoena and 14 days after service of the subpoena, RDLF again objected. The objections raised by RDLF were overbroad and inappropriate as they failed to object to specific requests. Further, Mr. Dersovitz improperly objected to the taking of his deposition for failure to tender fees, even though such mileage fees were paid upon initial service.

In yet another attempt to resolve the dispute, Tysons offered certain concessions, including setting a schedule for production of documents and entry of a confidentiality order to

protect RDLF.   Despite Tysons' cooperative efforts, RDLF continues to raise untimely and
baseless objections to the requested production, and has produced only a scintilla of relevant
information responsive to the requests.

RDLF's obstreperous behavior is in violation of the Maryland Bankruptcy Court's 2004
Order, the scope of Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy
Rules"), and FRCP 45.   Accordingly, Tysons respectfully submits compliance with the subpoena
should be compelled, and sanctions awarded to Tysons.

## BACKGROUND

1.      On December 6, 2007, George Nelson Smith and Susan Smith (the "Smiths")
filed a voluntary petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy
Code") in the Maryland Bankruptcy Court, Case Number 07-22336.

2.      The Smiths are married individuals.   Mr. Smith is an attorney who holds all
equitable shares in the Smith Law Firm, P.C. (the "Law Firm").

3.      Tysons is a mortgage lender.   In 2005, the Smiths requested that Tysons
consolidate, amend and restate their prior debts and increase the principal amount of a
consolidated loan to $2,640,000.00.   On November 1, 2005, Tysons increased the principal
amount of the loan (the "Tysons Loan") to the Smiths to $2,640,000.00 as evidenced by the
Consolidated, Amended and Restated Promissory Note made by Smiths and payable to Tysons
(the "Note").   The Note was secured by the Smiths' residence located at 10001 Avenel Farm
Drive, Potomac, Maryland (the "Avenel Property"), as evidenced by that certain Deed of Trust.
In support of his request for reconsolidation, Mr. Smith provided documentation to Tysons
supporting his claim to a multi-million dollar fee for settlement of his OxyContin mass tort cases.
Beginning July 1, 2006, the Smiths defaulted on their obligations under the Note, as modified.
As a result of the Debtors' default, Tysons instituted foreclosure proceedings in the Circuit Court

of Maryland for Montgomery County. On or about November 15, 2006, Tysons purchased the Avenel Property at its foreclosure sale for the sum of $1,000,000.00. The sale was ratified by the Circuit Court for Montgomery County on April 18, 2007.

4.    On August 1, 2007, Tysons filed a Complaint in the Circuit Court of Maryland for Montgomery County against the Smiths, seeking a judgment in the amount of $2,027,799.90 for its deficiency claim. While that case was pending, the Smiths filed their voluntary petition for relief under the Bankruptcy Code. Their initial Schedules, discussed in greater detail below, list Tysons as their largest creditor.

5.    On February 29, 2008, Tysons filed a Motion for Rule 2004 Examination of RDLF in the Maryland Bankruptcy Court, a copy of which is attached hereto and incorporated herein as Exhibit A.

6.    On March 5, 2008, the Maryland Bankruptcy Court entered the 2004 Order. The 2004 Order is attached hereto as Exhibit B.

7.    On March 12, 2008, Tysons served a Subpoena Duces Tecum Without Deposition on Mr. Dersovitz (the "Maryland Subpoena"), issued out of the Maryland Bankruptcy Court. A true and correct copy of the Maryland Subpoena is attached hereto and incorporated herein as Exhibit C. The Maryland Subpoena requested production of the specified documents in Maryland on or before March 27, 2008.

8.    On or about March 17, 2008, counsel for RDLF requested a brief extension of the deadline to respond to the Maryland Subpoena, and Tysons advised it would be amenable to a reasonable extension. However, on or about March 24, 2008, counsel for RDLF advised it would not need an extension, and believed RDLF would timely comply with the Maryland Subpoena. During that phone conversation, counsel for both parties agreed that RDLF would waive the requirement that the Maryland Subpoena be issued within 100 miles, and that if a

deposition of Mr. Dersovitz were required, it would be taken in New Jersey. *See* Declaration of Gabrielle M. Duvall, attached hereto and incorporated herein as <u>Exhibit D</u>.

9.      On March 27, 2008, Tysons inquired as to the status of response to the Maryland Subpoena, as RDLF had not complied with the document requests.

10.     On March 28, 2008, RDLF's counsel advised Tysons, via e-mail, that he was inquiring as to the status of documents from his client. Later that day, RDLF's counsel advised that "the documents were sent earlier this week. . . I will track this down on Monday and expect to have it out to you then." A copy of the e-mails between counsel for RDLF and Tysons are attached hereto and incorporated herein as <u>Exhibit E</u>.

11.     On April 1, 2008, counsel for RDLF advised:

> I do not yet have the documents as I was led to believe. The client forwarded only the operative documents and UCC filings, but omitted correspondence and evidence of fund transfers, etc. I do assume that they have more than what was provided and have sent an e-mail to clarify. I have also requested an estimate of time to locate and forward the rest of what must be produced. I will keep you apprised.

A copy of RDLF's e-mail dated April 1, 2008 is attached hereto and incorporated herein as <u>Exhibit F</u>.

12.     That same day, Tysons demanded production of documents by the close of business on April 7, 2008 (ten days after the Maryland Subpoena deadline). Counsel for RDLF responded that he was "doing all that I can to expedite getting this to you and have kept you updated with the status the entire time. *<u>Your concerns that compliance is being unnecessarily delayed are unfounded.</u>*" A copy of the e-mail exchange between counsel for Tysons and RDLF is attached hereto and incorporated herein as <u>Exhibit G</u> (emphasis added).

13.     On April 7, 2008, RDLF advised, for the first time, that it would not respond to the document requests issued on behalf of Tysons.[1]  A true and correct copy of RDLF's e-mail is attached hereto as Exhibit H.  On or about April 9, 2008, Tysons held a telephonic discovery conference with RDLF.   During that conversation, RDLF's counsel advised that he was instructed not to comply with the Maryland Subpoena, and that there could be no immediate resolution of this dispute. See Declaration of James A. Vidmar, attached hereto and incorporated herein as Exhibit I.

14.     On April 17, 2008, Tysons engaged undersigned counsel to facilitate service of a Subpoena Duces Tecum on RDLF in New Jersey, which sought the production of documents and to take the deposition of Mr. Dersovitz (the "New Jersey Subpoena").  A true and correct copy of the New Jersey Subpoena is attached hereto and incorporated herein as Exhibit J.  The New Jersey Subpoena required that RDLF produce the requested documents to Tysons by May 2, 2008, and that Mr. Dersovitz appear for a deposition on May 14, 2008.

15.     On April 18, 2008, Tysons served the New Jersey Subpoena personally on Mr. Dersovitz.  The process server's Proof of Service is attached hereto as Exhibit K.  As indicated on the Proof of Service, the process server tendered a fee of $42.00 for Mr. Dersovitz's deposition.

16.     On May 1, 2008, undersigned counsel received a facsimile letter from Geraldine Ponto, Esq., on behalf of RDLF and Mr. Dersovitz (the "Letter").  The Letter is attached hereto as Exhibit L.  In the Letter, Ms. Ponto indicated she was not engaged as counsel to RDLF and/or Mr. Dersovitz; however she proceeded to object to the New Jersey Subpoena on their behalf.

---

[1] RDLF waived its right to object to the Maryland Subpoena by failing to note such objection before the Subpoena due date. See In re Corso, 238 B.R. 375, (E.D.N.Y. 2005) ("The fourteen day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a waiver of such objections"). Despite RDLF's waiver of objections, and informal agreement to accept service of the Maryland Subpoena, Tysons properly issued the New Jersey Subpoena in an attempt to avoid a discovery dispute.

RDLF objected to "the inspection and copying of any documents requested by the Subpoena on the given date and time." *See* Ex. L, ¶2. The only ground for refusal to comply with ANY of the New Jersey Subpoena document requests was that counsel had not had sufficient time to review the documents. RDLF also objected to "the inspection and copying of any documents that are subject to confidentiality agreements between RD Legal Funding, LLC, its successors and assigns, and the Smith Law Firm, P.C." Additionally, RDLF objected to the New Jersey Subpoena to the extent it sought proprietary information of RDLF. RDLF did not attach, include, or incorporate any confidentiality agreements in the Letter, nor did it specify which document requests were subject to the confidentiality objections. Additionally, the Letter stated that the New Jersey Subpoena was deficient as to Mr. Dersovitz for failure to tender fees.

17.    On May 14, 2008, at Tysons' request, the parties held a telephonic discovery conference to attempt to resolve the objections raised in the Letter. Tysons requested that RDLF produce at least those documents that were not subject to a particular objection, and Tysons offered to execute a confidentiality agreement to protect RDLF's confidential information.

18.    On May 15, 2008, RDLF advised Tysons, via telephone, that RDLF had no correspondence with either Mr. Smith or the Law Firm, had no loan file, conducted an entirely paperless operation, and had nothing except a settlement agreement with the parties to that certain OxyContin litigation with Purdue Pharma, and spreadsheet containing information related to the OxyContin litigation. RDLF advised Tysons it would review the settlement agreement and determine whether it could be produced subject to a confidentiality agreement.

19.    On May 19, 2008, Tysons inquired whether RDLF's counsel had an opportunity to review the settlement agreement and requested a status update as to when such agreement would be made available. In response, on May 20, 2008, RDLF sent 11 pages of documents which are out of context and incomplete, along with a cover letter advising RDLF would not

provide any more documents. A copy of the May 20, 2008 letter is attached hereto and incorporated herein as Exhibit M. In its letter, RDLF raised, for the first time, additional objections to the New Jersey Subpoena. Additionally, RDLF asserted that the settlement agreement is subject to a confidentiality provision and could not be disclosed; and that RDLF is "not aware of any other documents responsive to your requests." The letter also requested that Tysons advise whether it still wanted to depose Mr. Dersovitz, but did not make clear that Mr. Dersovitz would be made available for such deposition.

## ARGUMENT

20.    RDLF and Mr. Dersovitz have manipulated the discovery process to avoid producing relevant documents to Tysons. Throughout the Maryland Subpoena period, RDLF repeatedly advised Tysons of its intent to comply with the Maryland Subpoena, only to revoke that cooperative spirit ten days after the documents were due. Further, RDLF has issued a blanket objection to the entire New Jersey Subpoena, without specific grounds, and has failed to support its specific objections at all.

21.    RDLF is a lender asserting one of the largest unsecured claims in the Smiths' bankruptcy case, as well as a security interest in the property and assets of the Law Firm, an entity wholly owned by Mr. Smith. RDLF's unwillingness to produce its loan file and basic correspondence is without justification, and will cause an undue delay in the administration of this case.

### A.    *Issuance of the Subpoena Pursuant to Bankruptcy Rules 2004 and 9016 Was Proper.*

22.    By failing to comply with the New Jersey Subpoena, RDLF is in contempt of the Maryland Bankruptcy Court's 2004 Order, and in contempt of the United States District Court for the District of New Jersey. FRCP 45(e) ("The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."). Further, RDLF

has ignored Tysons' authority to seek and conduct an examination of RDLF pursuant to the broad powers of Bankruptcy Rule 2004. Rule 2004(a) provides that "on motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). The scope of a 2004 examination is "a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the discovery of fraudulent conduct." *2435 Plainfield Ave., Inc. v. Township of Scotch Plains (In re 2435 Plainfield Ave., Inc.)*, 223 B.R. 440, 456 (Bankr. D.N.J. 1998). Rule 2004 examinations are so broad as to be compared with "fishing expeditions." *See, e.g., In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (Bankr.E.D.Pa.1990). *See also Snyder v. Society Bank*, 181 B.R. 40, 41 (S.D. Tex. 1995) ("Rule 2004 affords both debtors and creditors broad rights of examination of a third party's records"); *aff'd* 52 F.3d 1067 (5th Cir. 1995); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 423 (S.D.N.Y. 1993) ("Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation"), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

23.    Here, Tysons' request for a 2004 examination was well within the broad confines of Bankruptcy Rule 2004. Mr. Smith is the sole member of the Law Firm, and controls multiple cases of plaintiff members in mass-tort litigation against various pharmaceutical companies who created, made, packaged and/or marketed the drug OxyContin. Mr. Smith has provided certain loan documents that indicate the Law Firm sold and assigned certain amounts of its legal fees to RDLF, and that RDLF conducted due diligence to ensure the Law Firm was entitled to a legal fee in a fixed amount. By the 2004 examination, Tysons sought information regarding RDLF's loans and loan file, including due diligence RDLF conducted, before issuing loans to the Law Firm. Such information may lead to the discovery of potential assets and income for the estate. Additionally, RDLF has asserted the largest unsecured, contingent claim in the Smiths'

bankruptcy case, based upon Mr. Smith's personal guaranty of the RDLF loans. RDLF's claim

that information on Mr. Smith's financial condition is duplicative and burdensome is without

merit. As RDLF sought and obtained a personal guaranty from Mr. Smith, it is presumed that

RDLF would have conducted some level of diligence regarding Mr. Smith's financial condition.

Inquiries about information Mr. Smith provided on his financial condition is highly relevant to

an investigation of estate assets and potential objections to discharge. Accordingly, such a

request is both relevant and permissible in a 2004 examination.

24. Moreover, Tysons properly served the New Jersey Subpoena pursuant to

Bankruptcy Rule 9016, which makes FRCP 45 applicable herein. The New Jersey Subpoena

was served personally upon Mr. Dersovitz, with attendant mileage fees. The New Jersey

Subpoena allowed 14 days for compliance with the document requests. Such response time was

reasonable, especially in light of the fact that RDLF was served with the 2004 Order entered by

the Maryland Bankruptcy Court, and was served with the Maryland Subpoena seeking identical

documents on March 12, 2008. Further, the Maryland Bankruptcy Court approved the document

requests in the New Jersey Subpoena as they were identical to those filed as an exhibit to the

2004 Motion. Accordingly, the New Jersey Subpoena was proper.

**B.     RDLF's Objections to the New Jersey Subpoena Are Without Merit.**

25. "Courts are generally reluctant to allow escape from a Rule 2004 examination

unless the party can show that the examination is oppressive and burdensome." 9 Collier on

Bankruptcy ¶2004.02[3] (15th ed. rev. 2007) (citing *In re Vantage Petroleum Corp.*, 34 B.R. 650,

652 (Bankr. E.D.N.Y. 1983)). Here, the document requests and deposition are neither oppressive

nor burdensome. Rather, Tysons is seeking information standard to a lender. RDLF is a

commercial lender engaged in the practice of litigation lending. As such, RDLF presumably

keeps loan files, applications, and correspondence records in the ordinary course of its business.

RDLF's statement that it knows of no responsive documents to its requests belies both the nature of its business and the fervor with which it has fought compliance with the New Jersey Subpoena. It should not take RDLF a substantial amount of time to locate its loan file, and its correspondence with George Nelson Smith or the Smith Law Firm.

26.     Moreover, RDLF's objections to the New Jersey Subpoena are baseless. First, RLDF objects to the document requests to the extent the requests seek documents that may be subject to a confidentiality agreement between the Law Firm and RDLF. However, RDLF has not raised this objection to specific document requests, and has not provided any evidence of the existence of a confidentiality agreement. Nevertheless, Tysons presented a complete remedy to the objection by offering to execute a confidentiality agreement to protect confidential information in RDLF's possession, custody or control. Accordingly, RDLF should be compelled to immediately turnover all "confidential" documents upon execution of a confidentiality agreement between RDLF and Tysons.

27.     Second, RDLF objected to the production of all documents subject to a confidentiality agreement regarding a settlement agreement between the Law Firm and parties to the OxyContin litigation with Purdue Pharma. Presumably, RDLF is not a party to the settlement agreement. If RDLF has the settlement agreement, or any documents related thereto, in its possession, then the settlement agreement can plainly be shared with third parties. Accordingly, if RDLF has the settlement agreement, it should produce that agreement to Tysons.

28.     Third, RDLF raised the baseless objection to the New Jersey Subpoena to "the extent that it seeks any proprietary information of RD Legal Funding, LLC regarding its forms, practices and methods of conducting business, as your client appears to be a competitor in the industry." This objection is without merit for two reasons. First, Tysons is a commercial mortgage lender, and RDLF is a paperless, asset-backed litigation lender. The two practices are

entirely different, and therefore there is no threat to RDLF. Second, RDLF contends, through

counsel, that it is a paperless entity with no forms, applications, loan file or other documented

methods of conducting business. Therefore, RDLF is denying the existence of the very propriety

information it seeks to protect.

29.    Finally, Mr. Dersovitz incorrectly objected to the taking of his deposition because

Tysons did not provide the requisite fees. The mileage fee was tendered to RDLF upon service

of the New Jersey Subpoena as indicated in the proof of service attached as Exhibit K *supra.*

RDLF and Mr. Dersovitz have failed to raise valid objections to compliance with the New Jersey

Subpoena.

30.    Moreover, RDLF is bound by the objections it raised within the fourteen-day

objection period of FRCP 45(c)(2)(B), and may not raise new objections after this deadline.

"FRCP 45(c)(2)(B) requires the recipient of a subpoena to raise all objections at once and in a

timely manner so that discovery does not become a 'game.'" *Concord Boat Corp. v. Brunswick

Corp.*, 169 F.R.D. 44, 48-49 (S.D.N.Y. 1996). Such discovery "gamesmanship" cannot be

avoided by "reserving the right to assert future objections" as a blanket cover, and then raising

new objections whenever a party so desires. That is exactly the approach RDLF has taken here.

Rather than provide timely objections in a single forum to allow for cooperative resolution of

discovery disputes, RDLF has chosen to keep adding new objections piecemeal, as a method of

delaying compliance with the New Jersey Subpoena.

31.    Even assuming its late objections were timely, the objections are without merit.

In its May 20, 2008 letter, RDLF raised the new objection that the requests "are duplicative and

burdensome as they seek (i) documents dating from January 1, 2005, with no particular

significance to that date that you could articulate; (ii) information on Mr. Smith's financial

condition, when RDLF took an assignment from the Smith Law Firm P.C., and our interest is the

amount of the fee award to the law firm, the agreement giving rise to the fee award and our first

priority position; and (iii) a copy of the Settlement Agreement, which can and must be obtained

from the parties to that agreement in light of confidentiality provisions, *among other*

*objections.*"[2] *See* Ex. M (emphasis added). First, production of documents limited to simple loan

transactions is not unduly burdensome, even if it seeks all documents going back three years in

time. One of the purposes of this 2004 examination is to determine whether Mr. and Mrs. Smith

have defrauded creditors by providing misleading financial information in their bankruptcy case.

The best means of determining that is to review all documents provided to creditors within the

last three years. Further, all information requested should be kept in a single location – RDLF's

loan file for the Law Firm. RDLF cannot credibly deny the existence of a loan file or responsive

documents in one breath, and then claim that requests for such documents are unduly

burdensome. Second, as set forth in more detail above, Mr. Smith's financial condition is

directly relevant to both his bankruptcy case, and to RDLF's decision to require a personal

guaranty from Mr. Smith for the RDLF loans to the Law Firm. RDLF's contention that it is

looking to the Law Firm for recovery is disingenuous in that it ignores entirely RDLF's potential

enforcement of its personal guaranty by Mr. Smith. Third, as discussed above, RDLF is in

possession of the settlement agreement, and therefore should produce the settlement agreement

to Tysons. RDLF cannot hide behind an alleged confidentiality provision in the settlement

agreement without at least providing that provision to Tysons and this Court.

32.    Tysons has made a good faith attempt to confer and resolve this issue with RDLF

without court action; however, to date, RDLF has failed to produce the entirety of the

---

[2] RDLF's continued refusal to state all objections at once is further evidence of their
unwillingness to resolve this discovery dispute. RDLF cannot continue to delay resolution of
this matter by simply "reserving" its rights to raise additional objections in perpetuity.

subpoenaed documents, nor established a schedule to do so. Accordingly, Tysons seeks an order compelling compliance with the New Jersey Subpoena.

WHEREFORE, for the foregoing reasons, Tysons respectfully requests this Court: (a) enter an order compelling RDLF to produce the requested documents within five (5) business days of entry of the order; (b) enter an order compelling RDLF to produce confidential documents within two (2) business days of execution of a confidentiality agreement; (c) compelling Roni Dersovitz to appear for a deposition within ten (10) days of production of any confidential documents; (d) granting Tysons appropriate sanctions; and (e) granting such other and further relief as justice requires.

Dated: May 22, 2008

Respectfully submitted,

SHAPIRO & CROLAND

By: _____
Alexander G. Benisatto, Esq.
411 Hackensack Avenue
Hackensack, NJ  07601
Tel.:  (201) 488-3900
Fax.: (201) 488-9481

and

James A. Vidmar
Gabrielle M. Duvall
*Admission Pro Hac Vice Pending*
7200 Wisconsin Avenue, Suite 800
Bethesda, Maryland 20814
(301) 961-5126

*Counsel for Tysons Financial, LLC*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MARYLAND
#### (Greenbelt division)

In re:                                    *

George Nelson Smith, *et al.*             *        Case No. 07-22336
                                                   (Chapter 7)
       Debtors.                *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MOTION FOR RULE 2004 EXAMINATION
### OF RD LEGAL FUNDING, LLC

Tysons Financial, LLC ("Tysons"), by its undersigned counsel, files this Motion (the "Motion") pursuant to Rules 2004 and 9016 of the Federal Rules Bankruptcy Procedure (the "Bankruptcy Rules") for an order directing RD Legal Funding, LLC to produce documents and Roni Dersovitz to appear for examination. As a basis for this request, Tysons respectfully states as follows:

### BACKGROUND AND JURISDICTION

1. George Nelson Smith and Susan Smith ("Debtors") filed a voluntary petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") on December 6, 2007 (the "Petition Date").

2. The Debtors are married individuals. Mr. Smith is an attorney with equitable shares in the Smith Law Firm, LLP. Mrs. Smith is not employed.

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief sought herein are Bankruptcy Rules 2004 and 9014.

## RELIEF REQUESTED

4. Tysons requests entry of an order authorizing Tysons to serve a subpoena on RD
Legal Funding, LLC ("RDLF") compelling the production of documents and to conduct an
oral examination of Roni Dersovitz, manager of RDLF.

5. The purpose of this request is to investigate assets of the Debtors. Attached as
**Exhibit A** is the document production request Tysons intends to serve on RDLF.

6. Tysons intends to make additional Rule 2004 requests to compel document
production from and conduct an examination of additional persons or entities in connection
with Tysons' investigations of the Debtors' assets. Tysons reserves all rights to make such
additional Rule 2004 requests regarding any matter concerning the Debtors that Tysons
considers necessary.

## BASIS FOR RELIEF

7. Tysons believes an examination of RDLF and Mr. Dersovitz is warranted in this case.
The Debtors have listed a monthly income of only $1,666.67 in their schedules and statement
of financial affairs; however, Mr. Smith has listed equity shares in the Smith Law Firm as an
asset of the estate. At the Debtors' initial meeting of creditors pursuant to section 341 of the
Bankruptcy Code, Mr. Smith testified that he "borrows" money from the Smith Law Firm to
fund his family's $5,500 rental obligations, the family's utility bills, gas, groceries, and travel
expenses. Mr. Smith also testified that the Smith Law Firm is in the business of buying and
selling used cars, and currently has a fleet of nine vehicles. Mr. Smith testified that the Smith

2

Law Firm purchased two resort condominium time shares, in Aruba and the Virgin Islands, respectively, within six months of the Petition Date.

8.   Upon information and belief, Mr. Smith is the sole member of the Smith Law Firm. Upon information and belief, Mr. Smith controls, or controlled, multiple cases of plaintiff members in a class action suit against various pharmaceutical companies who created, made, packaged and/or marketed the drug OxyContin. At the initial meeting of creditors pursuant to section 341 of the Bankruptcy Code, Mr. Smith testified that the Smith Law Firm borrowed $1,900,000 from RDLF. Subsequent to the section 341 meeting, Mr. Smith, through counsel, provided certain loan documents from RDLF. The loan documents indicate that the Smith Law Firm sold and assigned its legal fees to RDLF in satisfaction of its loan obligations to RDLF, and that RDLF conducted due diligence to ensure the Smith Law Firm was entitled to the legal fee in a fixed amount. Tysons seeks information regarding RDLF's loan and loan file, including the due diligence it conducted before issuing the loans, to investigate potential assets and income for this estate.

9.   Bankruptcy Rule 2004(a) provides that "on motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Pursuant to Bankruptcy Rule 2004(b), the examination may cover (and otherwise inquire into, such as through a document request) "the acts, conduct, or property or to any liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b).

10.   "Rule 2004 necessarily permits a broad investigation into the financial affairs of debtors to assure the proper administration of bankruptcy estates." *In re Symington*, 209 B.R.

Case 08-00104-MS   Doc 1   Filed 05/22/08   Entered 05/22/08 15:19:34   Desc Notice
of Motion to Compel Compliance with Subpoena   Page 22 of 73

Case: 07-22336   Doc #: 74   Filed: 02/29/2008   Page 4 of 6

678, 683-84 (Bankr. D. Md. 1993). Examinations under Rule 2004 have been compared to a "fishing expedition." *In re Foerst*, 93 F.190, 191 (D.N.Y. 1899).

11. In connection with a Rule 2004 examination request, the court may compel both oral examination of witnesses and document production by serving a subpoena duces tecum. *See* Fed. R. Bankr. P. 2004(c) ("The attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.").

12. Accordingly, the document production by RDLF, and oral examination of Roni Dersovitz is proper. *See Snyder v. Society Bank*, 181 B.R. 40, 41 (S.D. Tex. 1995) ("Rule 2004 affords both debtors and creditors broad rights of examination of a third party's records"); *aff'd* 52 F.3d 1067 (5th Cir. 1995); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993) ("Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation"), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

## WAIVER OF MEMORANDUM OF LAW

13. Pursuant to Local Bankruptcy Rule 9013-2, and because there are no novel issues of law presented in this Motion, Tysons requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR REQUEST

14. No previous request for the relief requested herein has been made to this Court or any other court.

4

WHEREFORE, Tysons respectfully requests that this Court enter the Order filed

herewith authorizing Tysons to serve a subpoena to conduct an oral examination of Roni

Dersovitz, and for the production of documents from RDLF, and granting such other and further

relief as the Court deems just and proper.

Dated: February 29, 2008

/s/ Gabrielle M. Duvall
Gabrielle M. Duvall
Federal Bar No. 014619
7200 Wisconsin Avenue, Suite 800
Bethesda, Maryland 20814
(301) 961-5264

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 29th day of February, 2008, a copy of the foregoing Motion for Rule 2004 Examination of RDLF was mailed via first class, postage prepaid to the parties listed below.

Alan Eisler
Stark Meyers Eisler Leatham LLC
11140 Rockville Pike
Suite 570
Rockville Pike, MD 20852
*Counsel for Debtors*

Roger Schlossberg
134 West Washington Street
P.O. Box 4227
Hagerstown, MD 21741
*Bankruptcy Trustee*

David I. Gold
Office of the U.S. Trustee
6305 Ivy Lane
Suite 600
Greenbelt, MD 20770

/s/ Gabrielle M. Duvall

L&B 963482v1/11261.0001

## EXHIBIT A

### I.   INSTRUCTIONS AND DEFINITIONS

1.   RD Legal Funding, LLC ("RDLF") shall produce all documents requested to the undersigned counsel at, or prior to, the scheduled examination of Roni Dersovitz pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). If any request for production of documents cannot be complied with, it shall be responded to, to the extent possible, and RDLF shall fully explain why compliance is not possible.

2.   RDLF shall produce the requested documents as they are kept in the usual course of business.

3.   It shall not be a basis for refusal to produce that the requesting party or any other party also possesses non-identical or identical information.

4.   The term "communication" shall mean any transmission of information, any information transmitted, and any process by which information is transmitted and shall include written, electronic, and oral communications.

5.   The term "document(s)" shall include all documents responsive to an interrogatory, regardless of whether or not the document(s) still exists, and regardless of who has maintained custody of such document(s). The term "document" means any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or copy, including, but not limited to, the following: memoranda, statements of account, reports, expense reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, interoffice and intraoffice communications, contracts, cables, notations of any type of conversation, telephone call, meeting or other communication, bulletins,

Case 08-00104-MS    Doc 1    Filed 05/22/08    Entered 05/22/08 15:19:34    Desc  Notice
of Motion to Compel Compliance with Subpoena    Page 26 of 73

Case: 07-22336    Doc #: 74-2    Filed: 02/29/2008    Page 2 of 4

printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices thereto), and graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, and motion pictures), and electronic, mechanical, and electronic records or representations of any kind (including, without limitation, tapes, cassettes, discs, computer hard drives, and recordings), magnetic recordings and other written, printed, typed, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, phonorecord, film, tape, disc, computer hard drive, or videotape.   The term "document(s)" includes all documents by whomever prepared within your possession, custody, or control including those in the possession, custody, or control of your agents, as well as documents that you have a legal right to obtain, documents that you have a right to copy or have access to, and documents that you have placed in the temporary possession, custody, or control of any third party.

6.    The term "each" shall include the phrase "each and every."

7.    The terms "identify, identity or identification" (1) when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a person other than a natural person, means that person's full name, a description of the nature of the person that is, whether it is a corporation, partnership, etc. under the definition of person below,

2

and the person's last known address, telephone number, and principal place of business; (3) when used in reference to any person after the person has been properly identified previously means the person's name; and (4) when used in reference to a document, requires you to state the author (or if different, the signer or signers), the addressee, the identity of the present custodian of the document, and the type of document (e.g., letter, memorandum, telegram or chart) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the interrogatory.

       8.     Each word, term, or phrase not defined herein shall take on the meaning ascribed it in the subpoena issued to Roni Dersovitz and RDLF (the "Subpoena"). Notwithstanding any definition herein or in the Subpoena, each word, term or phrase used in these Document Requests is intended to have the broadest meaning permitted under the Federal Rules and Bankruptcy Rules.

## II.    DOCUMENT REQUESTS

       RDLF is commanded to produce and permit inspection and copying of the following documents, communications or objects:

       1.     Any and all communications and/or correspondence with George Nelson Smith, in his individual capacity or on behalf of the Smith Law Firm.

       2.     RDLF's entire loan file(s) containing all documents that refer or relate in any way to any loans made or monies advanced to George Nelson Smith and/or the Smith Law Firm, including, but not limited to, any loan applications submitted by George Nelson Smith or the Smith Law Firm, any and all due diligence conducted by RDLF prior to issuing any loans to the Smith Law Firm, lending instructions, and wire instructions or transfer instructions provide to or for the benefit of the Smith Law Firm and/or RDLF.

3.      Any and all communications, correspondence and/or documents referring or relating in any way to any monies paid, loaned or advanced to George Nelson Smith and/or the Smith Law Firm on the one hand, and RDLF on the other from January 1, 2005 to present.

4.      Any and all communications, correspondence and/or documents referring or relating in any way to the Smith Law Firm from January 1, 2005 to present.

5.      Any and all cancelled checks, wire transfer receipts, deposit slips, receipts for cashiers checks or any other evidence of any monies made, disbursed or transferred by RDLF to any account on behalf of the Smith Law Firm, PC, George Nelson Smith or Nelson Smith from January 1, 2005 to present.

6.      Any and all financing statements or other evidence of asserted liens of RDLF against any property of the Smith Law Firm.

7.      Any and all documents, including but not limited to, cancelled checks, wire transfer receipts, deposit slips, receipts for cashiers checks or any other evidence of any and all fess that RDLF has received or collected from the pledged "Legal Fee" (as that term is defined in the RDLF loan documents) that have been applied to the principal or interest earnings due and owing to RDLF from the Smith Law Firm or reimbursement of any monies advanced or charged by RDLF in relation to any loans made to the Smith Law Firm.

L&B 963611v1/11261.0001

Exhibit B

Entered: March 05, 2008
Signed: March 04, 2008
**SO ORDERED**



THOMAS J. CATLIOTA
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
at Greenbelt

In re:   Case No.:   07–22336 – TJC    Chapter:   7

George Nelson Smith                            Susan Smith
7813 Cadbury Avenue                        7813 Cadbury Avenue
Potomac, MD 20854                          Potomac, MD 20854

## ORDER GRANTING MOTION FOR
## FEDERAL BANKRUPTCY RULE 2004 EXAMINATION
## (Other Than Debtor)

Upon consideration of the Motion of Tysons Financial, LLC for a Federal Bankruptcy Rule 2004 Examination of RD Legal Funding, LLC , and it appearing that cause exists for the requested Rule 2004 Examination, it is, therefore, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the motion is granted; and it is further

ORDERED, that the Movant may examine the above–named party pursuant to Federal Bankruptcy Rule 2004; and it is further

ORDERED, that, as provided by Federal Bankruptcy Rule 2004(c), the attendance of such entity for examination and the production of documentary evidence may be compelled in the manner provided in Federal Bankruptcy Rule 9016 for the attendance of witnesses at a hearing or trial, or as otherwise provided by applicable law.


cc:   Attorney for Debtor(s) – Alan D. Eisler
        Movant's Attorney – Gabrielle M. Duvall
        Witness – RD Legal Funding, LLC


41.2 – *kore*


### End of Order

**BAE SYSTEMS** Case: 07-22336    Doc #: 76    Filed: 03/07/2008    Page 2 of 2

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

```
District/off: 0416-0          User: kore             Page 1 of 1              Date Rcvd: Mar 05, 2008
Case: 07-22336               Form ID: pdfparty       Total Served: 4
```

```
The following entities were served by first class mail on Mar 07, 2008.
db          +George Nelson Smith,    7813 Cadbury Avenue,    Potomac, MD 20854-2969
db          +Susan Smith,    7813 Cadbury Avenue,    Potomac, MD 20854-2969
            +RD Legal Funding, LLC,    c/o Roni Dersovitz, Manager,    One Eagle St., Suite 202,
             Englewood, NJ 07631-6542
            +US Trustee,    6305 Ivy Lane, 6th Fl.,    Greenbelt, MD 20770-1465
```

```
The following entities were served by electronic transmission.                    TOTAL: 0
NONE.

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0
```

```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Mar 07, 2008                    Signature:    _Joseph Speetjens_

Exhibit C

## UNITED STATES BANKRUPTCY COURT FOR THE
## DISTRICT OF MARYLAND

In re:

George Nelson Smith, et al.,

     Debtor

    To:   Roni Dersovitz, Manager
          RD Legal Funding, LLC
          45 Legion Drive
          Cresskill, NJ 07626

**SUBPOENA DUCES TECUM**
**WITHOUT DEPOSITION**
**Case No. 07-22336**
**Chapter 7**

☐  YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of
Bankruptcy Procedure, at the place, date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit for inspection and copying of the following documents or
objects at the place, date and time specified below:

    *See* Document Requests attached hereto as Exhibit "A."[1]

| PLACE | DATE AND TIME |
|---|---|
| Linowes and Blocher LLP<br>7200 Wisconsin Avenue, Suite 800<br>Bethesda, MD 20814 | March 27, 2008 at 10:00 A.M. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *Gabrielle M. Duvall* | March 12, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Gabrielle M. Duvall(Federal Bar No. 04619)
Linowes and Blocher, LLP, 7200 Wisconsin Ave., Suite 800, Bethesda, Maryland 20814 (301) 961-5264

L&B 969920v1/11163.0001

---

[1]  Motion and order allowing examination pursuant to Rule 2004 are also attached for your reference as Exhibit
"B."

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                                SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

### I.    INSTRUCTIONS AND DEFINITIONS

1.    RD Legal Funding, LLC ("RDLF") shall produce all documents requested to the

undersigned counsel on or before March 27, 2008 at Linowes and Blocher LLP, 7200 Wisconsin

Avenue, Suite 800, Bethesda, Maryland 20814, pursuant to Rule 2004 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Granting Motion for Federal

Bankruptcy Rule 2004 Examination.[1]  If any request for production of documents cannot be

complied with, it shall be responded to, to the extent possible, and RDLF shall fully explain why

compliance is not possible.

2.    RDLF shall produce the requested documents as they are kept in the usual course

of business.

3.    It shall not be a basis for refusal to produce that the requesting party or any other

party also possesses non-identical or identical information.

4.    The term "communication" shall mean any transmission of information, any

information transmitted, and any process by which information is transmitted and shall include

written, electronic, and oral communications.

5.    The term "document(s)" shall include all documents responsive to an

interrogatory, regardless of whether or not the document(s) still exists, and regardless of who has

maintained custody of such document(s).  The term "document" means any written, recorded, or

graphic matter of any nature whatsoever, regardless of how recorded, and whether original or

copy, including, but not limited to, the following: memoranda, statements of account, reports,

---

[1] The order also permits the deposition of Roni Dersovitz; however, such deposition is not
subpoenaed at this time.  Tysons Financial LLC does not waive its right to depose Mr. Dersovitz
pursuant to the subpoena powers of Federal Rule of Civil Procedure 45, at a later date and upon
notice to Mr. Dersovitz.

expense reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, interoffice and intraoffice communications, contracts, cables, notations of any type of conversation, telephone call, meeting or other communication, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices thereto), and graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, and motion pictures), and electronic, mechanical, and electronic records or representations of any kind (including, without limitation, tapes, cassettes, discs, computer hard drives, and recordings), magnetic recordings and other written, printed, typed, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, phonorecord, film, tape, disc, computer hard drive, or videotape.  The term "document(s)" includes all documents by whomever prepared within your possession, custody, or control including those in the possession, custody, or control of your agents, as well as documents that you have a legal right to obtain, documents that you have a right to copy or have access to, and documents that you have placed in the temporary possession, custody, or control of any third party.

      6.     The term "each" shall include the phrase "each and every."

2

7.    The terms "identify, identity or identification" (1) when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a person other than a natural person, means that person's full name, a description of the nature of the person that is, whether it is a corporation, partnership, etc. under the definition of person below, and the person's last known address, telephone number, and principal place of business; (3) when used in reference to any person after the person has been properly identified previously means the person's name; and (4) when used in reference to a document, requires you to state the author (or if different, the signer or signers), the addressee, the identity of the present custodian of the document, and the type of document (e.g., letter, memorandum, telegram or chart) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the interrogatory.

8.    Each word, term, or phrase not defined herein shall take on the meaning ascribed it in the subpoena issued to Roni Dersovitz and RDLF (the "Subpoena"). Notwithstanding any definition herein or in the Subpoena, each word, term or phrase used in these Document Requests is intended to have the broadest meaning permitted under the Federal Rules and Bankruptcy Rules.

## II.    DOCUMENT REQUESTS

RDLF is commanded to produce and permit inspection and copying of the following documents, communications or objects:

1.    Any and all communications and/or correspondence with George Nelson Smith, in his individual capacity or on behalf of the Smith Law Firm.

3

2.    RDLF's entire loan file(s) containing all documents that refer or relate in any way to any loans made or monies advanced to George Nelson Smith and/or the Smith Law Firm, including, but not limited to, any loan applications submitted by George Nelson Smith or the Smith Law Firm, any and all due diligence conducted by RDLF prior to issuing any loans to the Smith Law Firm, lending instructions, and wire instructions or transfer instructions provide to or for the benefit of the Smith Law Firm and/or RDLF.

3.    Any and all communications, correspondence and/or documents referring or relating in any way to any monies paid, loaned or advanced to George Nelson Smith and/or the Smith Law Firm on the one hand, and RDLF on the other from January 1, 2005 to present.

4.    Any and all communications, correspondence and/or documents referring or relating in any way to the Smith Law Firm from January 1, 2005 to present.

5.    Any and all cancelled checks, wire transfer receipts, deposit slips, receipts for cashiers checks or any other evidence of any monies made, disbursed or transferred by RDLF to any account on behalf of the Smith Law Firm, PC, George Nelson Smith or Nelson Smith from January 1, 2005 to present.

6.    Any and all financing statements or other evidence of asserted liens of RDLF against any property of the Smith Law Firm.

7.    Any and all documents, including but not limited to, cancelled checks, wire transfer receipts, deposit slips, receipts for cashiers checks or any other evidence of any and all fess that RDLF has received or collected from the pledged "Legal Fee" (as that term is defined in the RDLF loan documents) that have been applied to the principal or interest earnings due and owing to RDLF from the Smith Law Firm or reimbursement of any monies advanced or charged by RDLF in relation to any loans made to the Smith Law Firm.

4

L&B 969934v1/11261.0001

Exhibit D

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

TYSONS FINANCIAL, LLC,                    *

v.                                        *          Case No.

RD LEGAL FUNDING, LLC                     *

and                                       *

Ronald Dersovitz                          *

*      *      *      *      *      *      *      *      *      *      *      *      *

### DECLARATION OF GABRIELLE M. DUVALL IN SUPPORT OF
### MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES
### TECUM ISSUED TO RD LEGAL FUNDING, LLC AND RONI DERSOVITZ

I, Gabrielle M. Duvall, hereby depose and declare:

1.      I am over eighteen (18) years of age, am competent to testify and have personal

knowledge of the facts stated herein.  I submit this Declaration in support of the Motion (the

"Motion") to Compel Compliance with Subpoena Duces Tecum Issued to RD Legal Funding,

LLC ("RDLF") and Roni Dersovitz in the above-captioned case.

2.      At the 341 meeting of creditors held in this case on March 17, 2008, in

Hagerstown, I had an informal discussion with Craig Palik, counsel for RDLF, regarding

discovery.  During the conversation, Mr. Palik requested a brief extension of the deadline to

respond to the Subpoena Duces Tecum (the "Subpoena") and I informed him that I would be

amenable to a reasonable extension.

3.      On or about March 24, 2008, I had a telephone conversation with Mr. Palik, who

advised me that he would not need an extension, and believed he could timely comply with the

Subpoena.  At that time, myself and Mr. Palik agreed that RDLF would waive the requirement

that a subpoena be issued within 100 miles of the deposition and that, if a deposition of Mr.

Dersovitz were required, it would be taken in New Jersey.

    4.    The facts set forth in paragraph 6 of the Motion are true and correct upon my

personal knowledge.

    Executed this 20th day of May, 2008 at Bethesda, Maryland.

    I HEREBY DECLARE under penalty of perjury under the laws of the United States and

the State of Maryland that the foregoing is true and correct.

_Gabrielle M. Duvall_ (signature)

_____
Gabrielle M. Duvall

L&B 988831v2/11261.0001

Exhibit E

## Duvall, Gabrielle M. - GMD

**From:** Craig M. Palik [CMP@MHLawyers.com]
**Sent:** Friday, March 28, 2008 4:13 PM
**To:** Duvall, Gabrielle M. - GMD
**Subject:** RE: RD Legal Funding Documents

Apparently the documents were sent earlier this week.  However, Jim has been out on vacation and his secretary is not in today.

I will track this down on Monday and expect to have it out to you then.

Have a great weekend.

Craig M. Palik, Esq.
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420 (v)
(301) 982-9450 (f)
cpalik@mhlawyers.com

Circular 230 Disclosure:  In compliance with requirements imposed by the IRS pursuant to IRS Circular 230, we inform you that any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Duvall, Gabrielle M. - GMD [mailto:GDuvall@linowes-law.com]
**Sent:** Friday, March 28, 2008 4:06 PM
**To:** Craig M. Palik
**Subject:** RE: RD Legal Funding Documents

Thanks, Craig.
We appreciate your following up to get us the documents as promptly as possible.

Best,
Gabrielle

**From:** Craig M. Palik [mailto:CMP@MHLawyers.com]
**Sent:** Fri 3/28/2008 4:04 PM
**To:** Duvall, Gabrielle M. - GMD
**Subject:** RD Legal Funding Documents

Gabrielle:

I have sent an e-mail to determine the status.  No response yet.  I will let you know.

Craig M. Palik, Esq.
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420 (v)
(301) 982-9450 (f)
cpalik@mhlawyers.com

Circular 230 Disclosure:  In compliance with requirements imposed by the IRS pursuant to IRS Circular 230, we inform you that any U.S. tax advice
contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding
penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

## Duvall, Gabrielle M. - GMD

**From:**     Craig M. Palik [CMP@MHLawyers.com]
**Sent:**     Tuesday, April 01, 2008 10:40 AM
**To:**       Duvall, Gabrielle M. - GMD
**Subject:** RD Legal Funding Documents

Gabrielle:

I do not yet have the documents as I was led to believe. The client forwarded only the operative documents and UCC filings, but omitted correspondence and evidence of fund transfers, etc. I do assume that they have more than what was provided and have sent an e-mail to clarify. I have also requested an estimate of time to locate and forward the rest of what must be produced. I will keep you apprised.

Craig M. Palik, Esq.
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420 (v)
(301) 982-9450 (f)
cpalik@mhlawyers.com

Circular 230 Disclosure: In compliance with requirements imposed by the IRS pursuant to IRS Circular 230, we inform you that any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

## Duvall, Gabrielle M. - GMD

| | |
|---|---|
| **From:** | Craig M. Palik [CMP@MHLawyers.com] |
| **Sent:** | Tuesday, April 01, 2008 11:15 AM |
| **To:** | Duvall, Gabrielle M. - GMD |
| **Cc:** | mewiner@gmwlaw.net |
| **Subject:** | RE: RD Legal Funding Documents |

Gabrielle:

I appreciate that the subpoena required a response by March 27, but when we discussed this matter at the 341 a couple of weeks ago, you indicated that additional time was no problem. Regardless, I am doing all that I reasonably can to expedite getting this to you and have kept you updated with the status the entire time. Your concerns that compliance is being unnecessarily delayed are unfounded. I do believe that there is a genuine misunderstanding regarding what my client believes it is required to produce. Leave it to me to work with my client to get you a complete response as soon as possible. There is absolutely no need to threaten the filing of a motion to compel.

Craig M. Palik, Esq.
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420 (v)
(301) 982-9450 (f)
cpalik@mhlawyers.com

Circular 230 Disclosure:  In compliance with requirements imposed by the IRS pursuant to IRS Circular 230, we inform you that any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Duvall, Gabrielle M. - GMD [mailto:GDuvall@linowes-law.com]
**Sent:** Tuesday, April 01, 2008 10:42 AM
**To:** Craig M. Palik
**Cc:** mewiner@gmwlaw.net
**Subject:** RE: RD Legal Funding Documents

Craig,
First, I appreciate your diligence in following up with me.

Second, I'm concerned that your client is delaying compliance with the subpoena unnecessarily. I'm quite certain that if RDLF is a legitimate lender, they have an entire loan file for Mr. Smith that is readily locable and discoverable in answer to our requests. As I know you're aware, the subpoena requested that documents be served upon me last Thursday. I will accept immediate delivery of the documents you did receive from your client, without waiving any rights we may have regarding a motion to compel or other steps necessary to obtain the informaion sought in the subpoena. Please advise your client that if we do not receive the documents requested by close of business on Monday, April 7, 2008 at the latest (10 days after the subpoena deadline), we will file a motion to compel compliance with the subpoena.

I have copied my co-counsel, Michael Winer, on this e-mail because I will be out of town beginning Saturday April 5, 2008, and request that all correspondence, documents, etc, relating to our subpoena of your client be directed to both Mr. Winer and me. Thanks.

Best,
Gabrielle Duvall

5/20/2008

**From:** Craig M. Palik [mailto:CMP@MHLawyers.com]
**Sent:** Tue 4/1/2008 10:40 AM
**To:** Duvall, Gabrielle M. - GMD
**Subject:** RD Legal Funding Documents

Gabrielle:

I do not yet have the documents as I was led to believe.  The client forwarded only the operative documents and UCC filings, but omitted correspondence and evidence of fund transfers, etc.  I do assume that they have more than what was provided and have sent an e-mail to clarify.  I have also requested an estimate of time to locate and forward the rest of what must be produced.  I will keep you apprised.

Craig M. Palik, Esq.
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420 (v)
(301) 982-9450 (f)
cpalik@mhlawyers.com

Circular 230 Disclosure:  In compliance with requirements imposed by the IRS pursuant to IRS Circular 230, we inform you that any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Exhibit H

## Duvall, Gabrielle M. - GMD

**From:** Craig M. Palik [CPalik@MHJKLAW.com]
**Sent:** Monday, April 07, 2008 8:50 PM
**To:** Duvall, Gabrielle M. - GMD
**Cc:** mewiner@gmwlaw.net
**Subject:** RE: RD Legal Funding Documents

Gabrielle:

I received your e-mail from Friday today, I was out of the office. This is the first opportunity I've had to respond.

After talking with my client's representatives about the subpoena you issued in further depth and their concerns, my client RD Legal Funding, LLC has decided that it will not be responding to the subpoena document requests issued on behalf of your client, Tyson's Financial, LLC. Among other reasons, the subpoena is invalid under Federal Rule 45 (made applicable to bankruptcy cases by Bankruptcy Rule 9016) in violation of the 100 mile rule.

If you disagree with this contention, please call me to discuss. I had hoped that we could work in cooperation with one another and regret that this is now a dispute which appears unlikely to be resolved amicably.

Craig M. Palik, Esq.
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420 (v)
(301) 982-9450 (f)
cpalik@mhlawyers.com

Circular 230 Disclosure: In compliance with requirements imposed by the IRS pursuant to IRS Circular 230, we inform you that any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Duvall, Gabrielle M. - GMD [mailto:GDuvall@linowes-law.com]
**Sent:** Friday, April 04, 2008 9:17 AM
**To:** Craig M. Palik
**Cc:** mewiner@gmwlaw.net
**Subject:** RE: RD Legal Funding Documents

Craig,
Any word on the documents?

Thanks.
Gabrielle

> -----Original Message-----
> **From:** Craig M. Palik [mailto:CMP@MHLawyers.com]
> **Sent:** Tuesday, April 01, 2008 11:15 AM
> **To:** Duvall, Gabrielle M. - GMD
> **Cc:** mewiner@gmwlaw.net
> **Subject:** RE: RD Legal Funding Documents
>
> Gabrielle:
>
> I appreciate that the subpoena required a response by March 27, but when we discussed this matter at the 341 a couple of weeks ago, you indicated that additional time was no problem. Regardless, I am doing all

that I reasonably can to expedite getting this to you and have kept you updated with the status the entire time. Your concerns about compliance is being unnecessarily delayed are unfounded. I do believe that there is a genuine misunderstanding regarding what my client believes it is required to produce. Leave it to me to work with my client to get you a complete response as soon as possible. There is absolutely no need to threaten the filing of a motion to compel.

Craig M. Palik, Esq.
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420 (v)
(301) 982-9450 (f)
cpalik@mhlawyers.com

Circular 230 Disclosure: In compliance with requirements imposed by the IRS pursuant to IRS Circular 230, we inform you that any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Duvall, Gabrielle M. - GMD [mailto:GDuvall@linowes-law.com]
**Sent:** Tuesday, April 01, 2008 10:42 AM
**To:** Craig M. Palik
**Cc:** mewiner@gmwlaw.net
**Subject:** RE: RD Legal Funding Documents

Craig,
First, I appreciate your diligence in following up with me.

Second, I'm concerned that your client is delaying compliance with the subpoena unnecessarily. I'm quite certain that if RDLF is a legitimate lender, they have an entire loan file for Mr. Smith that is readily locable and discoverable in answer to our requests. As I know you're aware, the subpoena requested that documents be served upon me last Thursday. I will accept immediate delivery of the documents you did receive from your client, without waiving any rights we may have regarding a motion to compel or other steps necessary to obtain the informaion sought in the subpoena. Please advise your client that if we do not receive the documents requested by close of business on Monday, April 7, 2008 at the latest (10 days after the subpoena deadline), we will file a motion to compel compliance with the subpoena.

I have copied my co-counsel, Michael Winer, on this e-mail because I will be out of town beginning Saturday April 5, 2008, and request that all correspondence, documents, etc, relating to our subpoena of your client be directed to both Mr. Winer and me. Thanks.

Best,
Gabrielle Duvall

---

**From:** Craig M. Palik [mailto:CMP@MHLawyers.com]
**Sent:** Tue 4/1/2008 10:40 AM
**To:** Duvall, Gabrielle M. - GMD
**Subject:** RD Legal Funding Documents

Gabrielle:

I do not yet have the documents as I was led to believe. The client forwarded only the operative documents and UCC filings, but omitted correspondence and evidence of fund transfers, etc. I do assume that they have more than what was provided and have sent an e-mail to clarify. I have also requested an estimate of time to locate and forward the rest of what must be produced. I will keep you apprised.

Craig M. Palik, Esq.
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420 (v)
(301) 982-9450 (f)
cpalik@mhlawyers.com

Circular 230 Disclosure:  In compliance with requirements imposed by the IRS pursuant to IRS Circular 230, we inform you that any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY


TYSONS FINANCIAL, LLC,                    *

v.                                        *        Case No.

RD LEGAL FUNDING, LLC                     *

and                                       *

Ronald Dersovitz                          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### DECLARATION OF JAMES A. VIDMAR, JR. IN SUPPORT OF
### MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES
### TECUM ISSUED TO RD LEGAL FUNDING, LLC AND RONI DERSOVITZ

I, James A. Vidmar, Jr., hereby depose and declare:

1.      I am over eighteen (18) years of age, am competent to testify and have personal

knowledge of the facts stated herein.  I submit this Declaration in support of the Motion (the

"Motion") to Compel Compliance with Subpoena Duces Tecum Issued to RD Legal Funding,

LLC ("RDLF") in the above-captioned case.

2.      On April 9, 2008, I had a telephone conversation with Craig Palik, counsel for

RDLF.  Mr. Palik informed me that he was instructed not to comply with the Subpoena, and that

there could be no immediate resolution of the dispute.

3.      The facts set forth in paragraph 11 of the Motion are true and correct upon my

personal knowledge.

Executed this 20th day of May, 2008, at Bethesda, Maryland.

I HEREBY DECLARE under the penalty of perjury under the laws of the United States

and the State of Maryland that the foregoing is true and correct.

_____

James A. Vidmar, Jr.

L&B 1008101v1/11261.0001

2

Issued by the

# United States District Court
### DISTRICT OF NEW JERSEY

## SUBPOENA IN A CIVIL CASE

IN RE:

GEORGE NELSON SMITH, et al.,

     Debtors.

Case No. 07-22336
(District of Maryland)

**TO:**   **Roni Dersovitz, Manager**
       **RD Legal Funding, LLC**
       45 Legion Drive
       Cresskill, NJ 07626

   ☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

   ☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE<br>Shapiro & Croland<br>411 Hackensack Avenue, 6th Floor, Hackensack, NJ 07601 | DATE AND TIME<br>May 14, 2008 @ 12:00 p.m. |
|---|---|

   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

   ☒                       On attached Exhibit A.

| PLACE<br>Shapiro & Croland, 411 Hackensack Avenue, 6th Floor, Hackensack, NJ 07601 | DATE AND TIME<br>May 2, 2008 @ 10:00 a.m. |
|---|---|

   ☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>; Attorneys for Tysons Financial, LLC | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Alexander G. Benisatto, Esq.
Shapiro & Croland, 411 Hackensack Avenue, Hackensack, NJ 07601
(201) 488-3900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Following Pages)

89733-1

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises--or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

89733-1

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

## EXHIBIT A

### I.    INSTRUCTIONS AND DEFINITIONS

1.    RD Legal Funding, LLC ("RDLF") shall produce all documents requested to the undersigned counsel at, or prior to, the scheduled examination of Roni Dersovitz pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). If any request for production of documents cannot be complied with, it shall be responded to, to the extent possible, and RDLF shall fully explain why compliance is not possible.

2.    RDLF shall produce the requested documents as they are kept in the usual course of business.

3.    It shall not be a basis for refusal to produce that the requesting party or any other party also possesses non-identical or identical information.

4.    The term "communication" shall mean any transmission of information, any information transmitted, and any process by which information is transmitted and shall include written, electronic, and oral communications.

5.    The term "document(s)" shall include all documents responsive to an interrogatory, regardless of whether or not the document(s) still exists, and regardless of who has maintained custody of such document(s). The term "document" means any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or copy, including, but not limited to, the following: memoranda, statements of account, reports, expense reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, interoffice and intraoffice communications, contracts, cables, notations of any type of conversation, telephone call, meeting or other communication, bulletins,

printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices thereto), and graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, and motion pictures), and electronic, mechanical, and electronic records or representations of any kind (including, without limitation, tapes, cassettes, discs, computer hard drives, and recordings), magnetic recordings and other written, printed, typed, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, phonorecord, film, tape, disc, computer hard drive, or videotape.  The term "document(s)" includes all documents by whomever prepared within your possession, custody, or control including those in the possession, custody, or control of your agents, as well as documents that you have a legal right to obtain, documents that you have a right to copy or have access to, and documents that you have placed in the temporary possession, custody, or control of any third party.

6.    The term "each" shall include the phrase "each and every."

7.    The terms "identify, identity or identification" (1) when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a person other than a natural person, means that person's full name, a description of the nature of the person that is, whether it is a corporation, partnership, etc. under the definition of person below,

2

and the person's last known address, telephone number, and principal place of business; (3)

when used in reference to any person after the person has been properly identified previously

means the person's name; and (4) when used in reference to a document, requires you to state the

author (or if different, the signer or signers), the addressee, the identity of the present custodian

of the document, and the type of document (e.g., letter, memorandum, telegram or chart) or to

attach an accurate copy of the document to your answer, appropriately labeled to correspond to

the interrogatory.

8.      Each word, term, or phrase not defined herein shall take on the meaning ascribed

it in the subpoena issued to Roni Dersovitz and RDLF (the "Subpoena"). Notwithstanding any

definition herein or in the Subpoena, each word, term or phrase used in these Document

Requests is intended to have the broadest meaning permitted under the Federal Rules and

Bankruptcy Rules.

## II.    DOCUMENT REQUESTS

RDLF is commanded to produce and permit inspection and copying of the following

documents, communications or objects:

1.      Any and all communications and/or correspondence with George Nelson Smith,

in his individual capacity or on behalf of the Smith Law Firm.

2.      RDLF's entire loan file(s) containing all documents that refer or relate in any way

to any loans made or monies advanced to George Nelson Smith and/or the Smith Law Firm,

including, but not limited to, any loan applications submitted by George Nelson Smith or the

Smith Law Firm, any and all due diligence conducted by RDLF prior to issuing any loans to the

Smith Law Firm, lending instructions, and wire instructions or transfer instructions provide to or

for the benefit of the Smith Law Firm and/or RDLF.

3

3.      Any and all communications, correspondence and/or documents referring or relating in any way to any monies paid, loaned or advanced to George Nelson Smith and/or the Smith Law Firm on the one hand, and RDLF on the other from January 1, 2005 to present.

4.      Any and all communications, correspondence and/or documents referring or relating in any way to the Smith Law Firm from January 1, 2005 to present.

5.      Any and all cancelled checks, wire transfer receipts, deposit slips, receipts for cashiers checks or any other evidence of any monies made, disbursed or transferred by RDLF to any account on behalf of the Smith Law Firm, PC, George Nelson Smith or Nelson Smith from January 1, 2005 to present.

6.      Any and all financing statements or other evidence of asserted liens of RDLF against any property of the Smith Law Firm.

7.      Any and all documents, including but not limited to, cancelled checks, wire transfer receipts, deposit slips, receipts for cashiers checks or any other evidence of any and all fess that RDLF has received or collected from the pledged "Legal Fee" (as that term is defined in the RDLF loan documents) that have been applied to the principal or interest earnings due and owing to RDLF from the Smith Law Firm or reimbursement of any monies advanced or charged by RDLF in relation to any loans made to the Smith Law Firm.

| AO 88 (11/91) Subpoena in a Civil Case | **PROOF OF SERVICE** | |
|---|---|---|

2 0 0 8 0 4 1 7 1 7 1 2 5 9

| | DATE: | PLACE: |
|---|---|---|
| **SERVED** | 04/18/2008  09:51AM | **RD LEGAL FUNDING, LLC 45 LEGION DRIVE CRESSKILL NJ 07626** |

| SERVED ON:   **RONI DERSOVITZ, MANAGER** | MANNER OF SERVICE: RULE 45, FEDERAL CIVIL RULE |
|---|---|
| ACCEPTED BY: **RONI DERSOVITZ** | SERVING: **SUBPOENA IN A CIVIL CASE, EXHIBIT A,** |
| RELATIONSHIP/TITLE:   **SELF** | |

| SERVED BY | TITLE |
|---|---|
| **JOHN OBIE** | **PROCESS SERVER** |

## DECLARATION OF SERVER

Description of Person Receiving Document(s):

SEX: M__  AGE: 36-50__  HEIGHT: 5'9"-6'0"___  WEIGHT: 161-200 LBS.___  SKIN: WHITE___  HAIR: BLACK___  OTHER: GLASSES___

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Certification of Service is true and correct.

_____ L.S.
SIGNATURE OF JOHN OBIE
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

04/18/08
JACKELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 7, 2010

EXECUTED ON: 04/18/2008  09:51AM

| | |
|---|---|
| ATTORNEY: | ALEXANDER G. BENISATTO, ESQ. |
| PLAINTIFF: | IN RE: GEORGE NELSON SMITH, ET AL. |
| DEFENDANT: | N/A |
| VENUE: | DISTRICT |
| DOCKET: | 07 22336 (DISTRICT OF MARYLAND) |
| FEE: | $42.00 |

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but not limited to, lost earnings and a reasonable attorney's fee.
(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state inwhich the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B)   If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unrelated expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assure that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged o subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or thing not produced that is sufficient to enable the demanding party to contest the claim.

TZ

Exhibit L



Gibbons   5/1/2008  5:09:29 PM   PAGE   1/003   Fax Server



## GIBBONS P.C.

ONE GATEWAY CENTER
NEWARK, NJ 07102-5310

**973 596 4507**
SENDER'S DIRECT DIAL

973-596-4500
973-596-0545 - Fax

**973- 639 6252**
SENDER'S DIRECT FACSIMILE

## FACSIMILE

Facsimile Number  **1-201-488-9481**

Contact Number  **1-201-488-3900**

To:   **Alexander G. Benisatto, Esq.**

Company:  **Shapiro & Crowland**

From:   **Geraldine E. Ponto, Esq.**

Date:   **Thursday, May 01, 2008 5:07:08 PM**

Total Number of Pages Transmitted Including This Cover Page   **03**

## MESSAGE

### ***CONFIDENTIALITY NOTE***

Document(s) accompanying this facsimile transmission contain(s) information from the law firm of Gibbons P.C. which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited, and that the documents should be returned to this firm immediately. In this regard, if you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at no cost to you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES INDICATED ABOVE,
PLEASE CALL US AS SOON AS POSSIBLE.
This fax was transmitted directly from a networked PC.

Gibbons



GERALDINE E. PONTO
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4537 Fax: (973) 639-6262
gponto@gibbonslaw.com

May 1, 2008

**VIA TELECOPY & REGULAR MAIL**

Alexander G. Benisatto, Esq.
Shapiro & Crowland
411 Hackensack Avenue
Hackensack, NJ 07601

     Re:  **George Nelson Smith**
          **Chapter 7 Case No. 07-22336**
          **United States Bankruptcy Court for the District of Maryland**

Dear Mr. Benisatto:

I have been contacted by RD Legal Funding, LLC and Roni Dersovitz to represent their interests in connection with a Subpoena dated April 17, 2008, issued by the United States District Court for the District of New Jersey, at the request of Tysons Financial, LLC. I was out of town attending the Third Circuit Judicial Conference the past few days and only saw a copy of the Subpoena this afternoon.

I note that the Subpoena commands the production of certain documents on May 2, 2008, at 10:00 a.m. at your offices. While my retention is in progress, it still must be finalized, and I have not had the opportunity to fully review documents that may be responsive to your requests. I am a presenter on a panel at the Hon. William H. Gindin annual Bench Bar Conference being held tomorrow, May 2, 2008, and will not be in my office all day. Accordingly, I would not be in a position to meet the deadline for the document production specified in the Subpoena. While I would ordinarily request from you an extension of time to respond to the Subpoena, in light of the time exigencies and Fed.R.Bankr.P. 9016(c)(2)(B), incorporating Fed.R.Civ.P. 45(c)(2)(B), which states that I may serve on the party initiating a subpoena a written objection before the date specified for compliance or 14 days from the date of the subpoena, whichever is earlier, I am hereby objecting to the inspection and copying of any documents requested by the Subpoena on the given date and time.

Moreover, pursuant to Fed.R.Bankr.P. 9016(c)(2)(B), I object to the inspection and copying of any documents that are subject to confidentiality agreements between RD Legal Funding, LLC, it successors and assigns, and The Smith Law Firm P.C. I am informed that the settlement of the OxyContin Litigation with Purdue Pharma is further subject to a confidentiality agreement between The Smith Law Firm, P.C. and the parties to that litigation. Accordingly, I object to the inspection and copy of any documents that relate to that settlement to the extent they are within the purview of the confidentiality agreement. Finally, RD Legal Funding, LLC objects to the Subpoena to the extent that it seeks any proprietary information of RD Legal Funding, LLC regarding its forms, practices and methods of conducting business, as your client appears to be a competitor in the industry.

GIBBONS P.C.

Alexander G. Benisatto, Esq.
May 1, 2008
Page 2

In light of my recent retention, this list of objections is not exhaustive and should be considered preliminary only. This letter does not constitute a waiver of any additional objections that may be asserted with respect to the Subpoena, including the right of RD Legal Funding LLC to take appropriate legal action, including but not limited to filing a motion to quash and/or seek a protective order, as warranted, all of which rights are expressly reserved.

With respect to the Subpoena's command to appear for a deposition on May 14, 2008, at 12:00 noon, at your offices, it is deficient for failure to tender the appropriate fees required by Fed.R.Civ.P. 45(b)(I).

Please be guided accordingly.

Sincerely,

Geraldine E. Ponto

Copy:  Craig M. Palik, Esq.

#1304566 v1
999999-00136

Exhibit M

# GIBBONS

GERALD E. PONTO
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4507 Fax: (973) 639-6252
gponto@gibbonslaw.com

May 20, 2008

**BY ELECTRONIC AND REGULAR MAIL**

Gabrielle M. Duvall, Esq.
Linowes and Blochers, LLP
7200 Wisconsin Avenue, Suite 800
Bethesda, MD  20814-4842

> Re:  **In Re George Nelson Smith,** *et al.*
> **Chapter 7 Case No. 07-22336**
> **United States Bankruptcy Court for the District of Maryland**
>
> **Subpoena Issued by Attorneys for Tysons Financial, LLC in the United States
> District Court for the District of New Jersey to Roni Dersovitz and RD Legal
> Funding, LLC  ("Subpoena")**

Dear Ms. Duvall:

This firm represents RD Legal Funding, LLC ("RDLF") and Roni Dersovitz in
connection with the Subpoena.  This will follow-up on our May 14, 2008 telephone conversation
in which we attempted in good faith to resolve the preliminary objections to the Subpoena that I
raised in my letter dated May 1, 2008.  My May 1 letter reserved all rights to raise additional
objections to the Subpoena.  Such objections include that the requests are duplicative and
burdensome as they seek (i) documents dating from January 1, 2005, with no particular
significance to that date that you could articulate; (ii) information on Mr. Smith's financial
condition, when RDLF took an assignment from the Smith Law Firm P.C., and our interest is the
amount of the fee award to the law firm, the agreement giving rise to the fee award and our first
priority position; and (iii) a copy of the Settlement Agreement, which can and must be obtained
from the parties to that agreement in light of confidentiality provisions, among other objections.

To date, you have acknowledged receipt of the Assignment and Sales Agreements
between RDLF and the Smith Law Firm, P.C. and RDLF's UCC-1 statements.  Tysons Financial
is not entitled to the production of further documents except upon order of the court in light of
the objections raised to the Subpoena.  That should not be necessary, however.  Even though
your costly fishing expedition against RDLF is unwarranted on many grounds, subject to our
objections and reserving all rights, I am enclosing documents Bates stamped RDLF001 and 002,
relating to fees due to the Smith Law Firm P.C. in connection with the Oxycontin litigation.
Further in our efforts to amicably resolve the objections to and reserving all rights, I am
enclosing documents Bates stamped RDLF003-011, which are electronically transmitted
communications relating to the fees due the Smith Law Firm in connection with the Oxycontin
litigation.

GIBBONS P.C.

Gabrielle M. Duvall, Esq.
May 20, 2008
Page 2


        As I indicated, the Settlement Agreement is subject to a confidentiality provision, which
only the parties to the Agreement may disclose.

        We are not aware of any other documents responsive to your requests.  Please advise
whether you still want to depose Mr. Dersovitz.

                                Sincerely,

                                Geraldine E. Ponto

GEP:fa
Enclosures

cc:    Mr. Roni Dersovitz